Sara B. Amies
Jennifer Denise Diskin
Teller & Associates, PLLC
1139 34th Avenue, Suite B
Seattle, WA 98122
Phone: (206) 324-8969
Fax: (206) 860-3172

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| ROSE MARTINEZ, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>INBD, INC., a Washington corporation, d/b/a Subway,<br><br>   Defendant. | NO. 1:15-CV-03020-LRS<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

**1.**   **Confidential Material**

It is hereby stipulated between Plaintiff Rose Martinez and Defendant INBD, Inc. in the above-captioned action that the confidentiality provisions

described herein shall govern the following information, documents, and tangible things that will be produced or otherwise exchanged in this matter:

  1) All addresses, telephone numbers, salary information, and social security numbers of the Plaintiff and current and former employees and/or customers of the Defendant.

  2) All information and documents which are provided in response to requests for production which seek documents contained in any individual's "personnel file."

  3) Medical records of any non-party or of Plaintiff.

  4) Financial statements, proprietary documents, and tax records of Defendant.

  5) Financial and proprietary documents of Plaintiff not in the public domain or subject to public disclosure;

  6) Investigation files into situations involving employees or former employees of Defendant.

  7) Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including without limitation financial information, personnel and payroll information, or other commercially sensitive or personally sensitive information of a non-public nature, provided each is so marked, by stamping each page of the document "Confidential."

  Good cause exists why this information should be held confidential. For example, employees, and former employees of Defendant may feel that their privacy has been invaded by production of identifying information or information from their personnel files, security files, police files or medical records, and might pursue an action against Defendant for such invasion absent this order. Financial

records of the Defendant and Plaintiffs, and medical records of the Plaintiff or any non-party, whether or not any privilege applies or is waived, remain sensitive and confidential information, for which wider than necessary disclosure may be embarrassing, unfairly disadvantageous, and an invasion of privacy. Additional information which a party, in good faith, determines to be of a similar nature should also be held confidential. However, there should also be a mechanism for a party to dispute the confidentiality designation of the other party.

**2.   Scope**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

The parties therefore further stipulate and request the Court to enter an order, as follows:

**3.   Manner and Timing of Designations**

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1)   Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the

material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2)    Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4)    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**4.    Access To and Use of Confidential Material**

1)    Information and documents covered by this protective order shall not be used for any purpose except in connection with this litigation, and shall not be delivered, exhibited or disclosed to any person, other than the author of the document in question, except: a) Counsel and their clients involved in this litigation; b) Employees of counsel assisting said counsel in the preparation and trial of this matter; c) Experts or other witnesses with whom counsel consult in

preparation for this litigation; d) the court, court personnel, and court reports and their staff; e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, f) the author or recipient of a document containing the information or a custodian, g) the videographer or court reporter recording a deposition in the litigation at which Confidential Materials are discussed and/or presented; h) any mediator or discovery referee in this litigation, and employees and personnel of said mediator or discovery referee, and i) any other individuals agreed to in writing by the designated party.

2) Before counsel shall deliver, exhibit or disclose any information and/or document covered by this agreed protective order to any expert or other witness as described in the foregoing paragraph, counsel shall require such person to read a copy of this protective order and to sign a statement, in the form of Attachment A hereto, indicating that the person has read and shall abide by this order.

3) Nothing in this protective order shall prevent the use of covered material at time of trial; on motion, including summary judgment; or in any discovery hearing or deposition. Nothing in this protective order shall be considered a wavier of any objection or response to objection regarding admissibility or use of covered material. If information and/or documents covered by the protective order are used in or in support of pleadings or briefs, the fact that the information or documents exist may be referred to, but the confidential information or documents themselves shall be redacted or filed under seal. Should either party fail to file confidential documents under seal, they may be removed from the public file and filed under seal upon the request of either party to the Clerk of the Court.

**STIPULATED PROTECTIVE ORDER - 5**

This Stipulation does not authorize a party to file documents under seal simply based on the fact that they were marked by one of the parties as "confidential." The parties will seek an order from the Court to file documents under seal. Such a motion or stipulation and proposed order must provide a specific description of the particular documents or categories of documents sought to be protected and a "clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access."

5) A party will not be obligated to challenge the propriety of a designation of Protected Material at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who designated the Protected Material as Confidential that the designation be modified or withdrawn. If the designating party does not agree to such redesignation within ten (10) days of receipt of the written request, the requesting party may apply to the Court for relief. The parties will attempt to resolve any disagreement before applying to the Court. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its confidentiality designation is proper. Agreement of the parties to this Stipulated Protective Order shall not be construed as an agreement or admission by any party that the designation of Protected Material by another party is in any way proper or correct.

6) The terms of this protective order may be modified by written stipulation of the parties or later Order of the Court. Either party may apply to the Court for modification or interpretation of this order by telephonic conference or written motion.

**STIPULATED PROTECTIVE ORDER - 6**

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

7) At the conclusion of this action or any appeals thereof, all confidential documents shall be returned or destroyed if requested by the propounding party in writing.

8) The parties view this stipulation as binding pending signature of the Court.

Jointly Presented by:

 /s/Sara Amies_____ Date: 9/8/15
Sara Amies, WSBA #36626
Attorney for Plaintiff


/s/Brittany Stevens_____Date: 9/8/15
Brittany Stevens, WSBA #44822
Attorney for Defendants

## ORDER

IT IS SO ORDERED.

DATED this 9th day of September, 2015.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SENIOR U. S. DISTRICT COURT JUDGE

# ATTACHMENT A

STATE OF WASHINGTON  )
                     )
COUNTY OF _____ )

_____, being first duly sworn on oath, deposes and says:

   1. I have read a copy of the Protective Order dated _____, in the action entitled *Martinez v. INBD, Inc., dba Subway,* understand the same and shall abide by it.

   2. If a party, their attorneys, or other agent shall deliver, exhibit or disclose to me any information or document which has been designated as confidential under the terms of the Protective Order, I shall not use such information or document for any purpose except in connection with the above-entitled action, and I shall not deliver, exhibit, or disclose such information or document to, or discuss the contents of such information or document with, any persons except with parties to this action, their counsel of record and such employees and agents of said counsel as are assisting counsel in the preparation or trial of the action.

_____
Signature                         date

_____
printed name

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2015.

_____
NOTARY PUBLIC in and for the State of Washington, residing at _____

My commission expires: _____

**STIPULATED PROTECTIVE ORDER -  8**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172